**Cheri L. McCracken, Esq.**
State Bar #006111
2402 N. 24th Street
Phoenix AZ 85008-1804
(602) 231-0595

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KARLA SCHLEIER, a single person,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ENVIRONOMICS SOUTHWEST, L.L.C., an Arizona limited liability company, and a subsidiary of TRC Companies, Inc.; KAREN and RUSSELL NASSOF, individually and as husband and wife, NASSOF FAMILY TRUST, as a member of Environomics Southwest, L.L.C., and TRC COMPANIES, INC., a Delaware corporation,<br><br>　　　　Defendants. | No. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Karla Schleier, through her undersigned counsel, alleges as follows:

**GENERAL ALLEGATIONS**

1. This Court has original jurisdiction of this action under 28 U.S.C. §1331, the Court's federal question jurisdiction, since the action arises under the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. (the "FLSA").

2. Plaintiff Karla Schleier is a single woman and a resident of Peoria, Maricopa County, Arizona. She is a single mother of three children.

3. Environomics Southwest, L.L.C. is an Arizona limited liability company engaged in the business of environmental consulting in Phoenix, Maricopa County, Arizona. Environomics Southwest, L.L.C. is a subsidiary of TRC Companies, Inc. Environomics Southwest, L.L.C. is an agent of TRC

Companies, Inc.

4. Russell and Karen Nassof are a married couple residing in Scottsdale, Maricopa County, Arizona. Russell and Karen Nassof are Trustees of the Nassof Family Trust, which is the only member of Environomics Southwest, L.L.C. Russell and Karen Nassof acted as individuals and are agents of TRC Companies, Inc.

5. All acts undertaken were for the benefit of the Trust and marital community.

6. Nassof Family Trust is a member of Environomics Southwest, L.L.C., an Arizona limited liability company and is an agent of TRC Companies, Inc.

7. Nassof Family Trust is believed to be a legal entity of the State of Arizona controlled by Karen and Russell Nassof.

8. TRC Companies, Inc. is a Delaware corporation engaged in the business of environmental consulting in Phoenix, Maricopa County, Arizona.

9. The acts and conduct of which plaintiff complains occurred in Maricopa County, Arizona.

10. Plaintiff Karla Schleier was employed as an assistant to Russell Nassof at Defendants' office located at 7600 N. 16th Street, Suite 110, Phoenix, Arizona. She also did significant work for Karen Nassof. Both Nassofs demanded Plaintiff work overtime, had full knowledge that the work was being done and are individually responsible.

11. Plaintiff Karla Schleier's hourly wage was $22.12. Plaintiff's paycheck was drawn on an account by TRC and her W-2 form identified Environomics Southwest, L.L.C. as the employer. Plaintiff believed she was employed by TRC Companies, Inc.

12. Plaintiff worked approximately ten to twenty hours a week in overtime that she was not paid. Plaintiff was expected to receive and answer e-mails and phone calls on her personal Blackberry after normal work hours. She was also required to work on holidays, weekends and vacations. Plaintiff was

1 | never compensated for any of the time that she worked over 40 hours.

2,3 | 13. Plaintiff worked approximately 3,120 hours in overtime, which she was not compensated for.

4-7 | 14. Plaintiff does not qualify as an exempt employee under the FLSA, as she did not have as her primary duty the management of Defendants' enterprise, and/or did not customarily or regularly direct the work of two or more other employees, and/or did not have the authority to hire and fire other employees.

8-11 | 15. By failing to pay overtime for time worked over 40 hours a week to a non-exempt employee, Defendants violated the overtime provision of the FLSA, 29 U.S.C. §207. Defendants failed to keep accurate complete records of hours worked.

12-14 | 16. Defendants are in violation of A.R.S. §23-352 by not paying Plaintiff overtime wages that were earned. Defendants failed to keep accurate and complete records of time worked by Plaintiff.

15,16 | 17. Defendant is in violation of A.R.S. §23-351, where an employer shall pay overtime no later than sixteen days after the employee's pay period.

17,18 | 18. Plaintiff is entitled to treble damages pursuant to A.R.S. §23-355 because Defendants have still not paid her the overtime that she was owed.

19-21 | 19. Plaintiff was required to use her own personal Blackberry phone to perform her work and to incur charges upon her phone bill that were not reimbursed by the Defendants.

22-26 | 20. Defendants have violated 29 U.S.C. §215 by terminating Plaintiff in retaliation when she reported to Defendants that she was not being paid overtime that she was working, not being reimbursed for using her personal phone and reporting on other employee's actions such as theft and SEC violations (A.R.S. §13-1802).

21. Plaintiff's employment was wrongfully terminated in retaliation for bringing discrepancies to the attention of management and of requiring payment for her overtime.

22. Plaintiff informed Defendants that she would be returning to work. She was ready, willing and able to work. She was then notified of her termination.

23. Plaintiff informed her employer that managerial employees were stealing from the company in numerous ways and also that there were significant SEC violations. Her employment was terminated soon after. Plaintiff had a reasonable belief that those she told not only could correct the situation, but had a duty to do so.

24. Defendants have violated A.R.S. §§23-202, 23-1501c(ii) and (viii) by wrongfully terminating Plaintiff after she reported theft by other employees and SEC violations. Defendants demanded the Plaintiff give up her claimed overtime in order to continue employment.

25. The law of the United States is applicable to the States and also takes precedence pursuant to the Supremacy Clause. Thus that law is the public policy of the State and also supports a claim for wrongful discharge.

26. Plaintiff has been damaged by being deprived of just compensation for overtime work, deprived of the interest on those funds, being deprived fo income and benefits of $60,000 annually.

27. The actions of the Defendants have caused Plaintiff severe emotional distress including insomnia, upset stomach, anxiety and depression. Plaintiff has suffered physical manifestations of this stress. She has incurred medical expenses for both mental and physical healthcare.

28. Plaintiff has been unable to replace the job despite numerous applications, interviews and concentrated search. She continues to search for employment.

29. Plaintiff's credit rating has been negatively impacted, she had to seek help to sustain herself and her children.

30. Plaintiff requests a jury trial

WHEREFORE, Plaintiff requests judgment against Defendants and each of them as follows:

1. For compensation of overtime wages in the amount of 69,000.40;
2. For general damages in a fair and reasonable amount;
3. For treble damages in the amount of $210,000.
4. For punitive damages in an amount to be determined;
5. For liquidated damages in the amount to be determined, but no less than $69,000.40;
6. For such other and further relief that the Court deems just and proper;
7. For backpay, benefits, and front pay, of $60,000 at this time;
8. Emotional distress, compensatory damages
9. Medical expenses.
10. For attorney's fees and costs incurred herein.

RESPECTFULLY SUBMITTED THIS 9th day of June, 2009.

CHERI L. McCRACKEN, ESQ.

/s/ Cheri L. McCracken

Cheri L. McCracken
2402 North 24th Street
Phoenix, AZ 85008
Attorney for Complainant

Original of the foregoing e-filed
this 9th day of June, 2009, with:

Clerk of the US District Court
400 W. Washington
Phoenix, AZ 85003-0001

/s/ Fran Townsend